UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DALE FREEMAN,

    Plaintiff,

CASE No. 2:18-cv-68

v.

HON. ROBERT J. JONKER

JENNIFER HEADLEY, et al.,

    Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff is a paraplegic prisoner who brings this lawsuit against several MDOC employees and a variety of Corizon medical providers. He brings Eighth Amendment deliberate indifference claims, as well as a claim for intentional infliction of emotional distress under State law,[1] based on his assertion that delay of appropriate medical equipment (an air mattress) and a failure to change dressings daily created or aggravated skin ulcers and forced him to suffer needless pain. Defense motions for summary judgment raising both procedural and merits defense are pending on all except one federal claim, and plaintiff has filed his own motion for summary judgment against all defendants. (ECF Nos. 70, 72, 81 and 83). The Magistrate Judge issued a Report and Recommendation advising the Court to deny plaintiff's motion, and to grant the defense

---

[1] The Court routinely declines to exercise supplemental jurisdiction over State law claims in Section 1983 cases such as this. Not only do the State law claims needlessly distract time and attention from the federal civil rights at stake, they also put the federal Court in the position of evaluating State law claims against individuals associated with State governmental operations. Those matters are best addressed by State, not federal, courts. Accordingly, the Court declines supplemental jurisdiction over all State law claims and dismisses those without prejudice.

motions. (ECF No. 93). Plaintiff filed objections to the recommendations regarding dismissal of the Corizon defendants (Nurse Practitioner Buchanan, and Dr. Ricky Coleman). (ECF Nos. 97-98). Those defendants responded to the objections. (ECF No. 99). No one filed objections regarding the Report and Recommendation addressing MDOC employees.

Because no one has filed objections to the Magistrate's recommendations regarding claims against the MDOC employees, the Court adopts those recommendations as its own.[2] In addition, after conducting de novo review, the Court will overrule plaintiff's objections to the recommended dismissal of his claims against the Corizon defendants because even assuming all claims were properly exhausted, the Court is satisfied that these defendants are entitled to summary judgment on the merits. This means that only one claim remains regarding the MDOC employees: namely, an Eighth Amendment claim against Registered Nurse Headley for deliberate indifference to plaintiff's serious medical need.[3]

The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 93), plaintiff's Objections to it, (ECF Nos. 97-98), and defendants' response. (ECF No. 99). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended

---

[2] A district court judge reviews de novo those portions of the Report and Recommendation to which objections have been filed. 28 U.S.C. § 636((b)(1); FED. R. CIV. P. 72(b)(3).

[3] RN Headley did not file a Rule 56 motion on the merits but did oppose plaintiff's motion for summary judgment.

>           disposition; receive further evidence; or return the matter to the
>           magistrate judge with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and plaintiff's Objections.  After its review, the Court finds that Magistrate Judge Vermaat's Report and Recommendation is factually sound and legally correct.

As to the claims of deliberate indifference against the Corizon defendants—the only claims at issue based on the parties' objections—the Court is satisfied on de novo review that the Magistrate Judge properly concluded these defendants are entitled to summary judgment.  Even assuming the claims were properly exhausted,[4] constitutional deliberate indifference requires more than simply showing that a plaintiff suffered medical problems—even painful ones—such as the ulcers plaintiff describes here.  There must be a sufficient showing to meet both the objective and subjective prongs of the Eighth Amendment test.  And here, for the reasons detailed by the Magistrate Judge, the plaintiff cannot do so.  As a paraplegic prisoner, plaintiff is naturally vulnerable to a host of medical complications, including skin ulcers, and is in near constant need of medical attention.  The record reveals that the Corizon defendants provided regular treatment

---

[4] The Court believes that plaintiff has identified at least a potential fact issue on the exhaustion issue.  The pagination sequence of the defense exhibit compilation definitely makes it look like plaintiff first identified the Corizon defendants at Step III of the process.  However, as plaintiff points out, there is some reason to believe the pagination compilation is out of sequence, and that the critical sheet of paper was actually an attachment to his Step I grievance.  (See ECF No. 81-6, PageID.1059).  There is no need to delve deeper into this, however, because the Court is satisfied that these defendants are entitled to summary judgment on the merits in any event.

and made medical judgments based on the information provided to them; there is nothing that supports an inference of deliberate indifference against them.

**ACCORDINGLY, IT IS ORDERED:**

1. The Report and Recommendation of the Magistrate Judge (ECF No. 93) is **APPROVED and ADOPTED** as the Opinion of this Court to the extent detailed in this Order.

2. The Court declines to exercise supplemental jurisdiction over the state law claim in this case. Plaintiff's claim for Intentional Infliction of Emotional Distress is **DISMISSED WITHOUT PREJDUICE.**

3. The MDOC Defendants' Motion for Partial Summary Judgment (ECF No. 70) is **GRANTED.**

4. The Corizon Defendants' Motion for Summary Judgment (ECF No. 81) is **GRANTED.**

5. The Corizon Defendants' Motion to Strike (ECF No. 83) is **DENIED.**

6. The case shall proceed on plaintiff's Eighth Amendment deliberate indifference claim against Defendant Headley only.

Dated:   March 8, 2021            /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  CHIEF UNITED STATES DISTRICT JUDGE