UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DALE FREEMAN,

    Plaintiff,

v.

JENNIFER HEADLEY, et al.,

    Defendants.

_____/

Case No. 2:18-cv-68

HON. JANE M. BECKERING

## **OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner who suffers from paraplegia, brought this lawsuit against several Michigan Department of Corrections (MDOC) employees and a variety of medical providers. Defendant Headley, a registered nurse and the sole remaining Defendant in this case, moved for summary judgment of Plaintiff's Eighth Amendment deliberate-indifference claim against her. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant her motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff presents nine interrelated and overlapping objections to the Magistrate Judge's Report and Recommendation, which the Court will address in turn. First, Plaintiff argues that the Magistrate Judge "erred in deciding that only Freeman's UTI [Urinary Tract Infection]-based

claim against RN Headley remains" (Pl. Obj., ECF No. 146 at PageID.1739–1740).  According to Plaintiff, he also still has a separate deliberate-indifference claim against Defendant Headley related to developing decubitus pressure ulcers (DPUs) (*id.* at PageID.1739).  Plaintiff's objection lacks merit.  This Court's review of the record indicates that, as the Magistrate Judge pointed out, Plaintiff's two claims against Defendant Headley were identified in December 2020 as (1) a claim for intentional infliction of emotional distress, which was subsequently dismissed; and (2) a deliberate-indifference claim for "confiscat[ing] Freeman's air mattress and catheters despite being aware of the medical concerns her conduct would cause Freeman, … result[ing] [in] Freeman contract[ing] a urinary tract infection," the claim that went forward (R&R, ECF No. 140 at PageID.1721, quoting R&R, ECF No. 93 at PageID.1208).  However, even assuming arguendo that Plaintiff has a separate DPU-based claim, the Magistrate Judge thoroughly addressed such a potential claim, determining that Plaintiff failed to provide evidence either that Defendant Headley's conduct caused him to develop DPUs or that Headley acted with the requisite state of mind to support Plaintiff's deliberate indifference claim (R&R, ECF No. 140 at PageID.1721–1723).  Therefore, Plaintiff's first objection is properly denied.

Second, Plaintiff argues that the Magistrate Judge also "improperly held that Plaintiff['s] [DPU-based] claim was identical to [the claim he made against the] doctor who denied special accommodate request" (Pl. Obj., ECF No. 146 at PageID.1740–1741).  According to Plaintiff, there were several differences between the claims (*id.*).  Plaintiff's objection lacks merit.  The Magistrate Judge noted that "even if Freeman has a DPU-based claim against RN Headley, the undersigned finds that the claim should be dismissed for the same reasons that this Court dismissed Freeman's nearly identical claim against the doctor who denied his special accommodation request: a lack of verifying medical evidence that Headley's conduct caused Freeman to develop

DPUs or evidence that RN Headley acted with deliberate indifference" (R&R, ECF No. 140 at PageID.1721–1722). While the Magistrate Judge indeed characterized the two claims as "identical," the Magistrate Judge nonetheless thoroughly analyzed Plaintiff's DPU-based claim. *See id.* at PageID.1722–1723. Plaintiff's objection is properly denied.

Third, Plaintiff argues that the Magistrate Judge also "improperly determined [his] air mattress (DPU)-based claim … and catheter-based claim is one in delay of treatment" (Pl. Obj., ECF No. 146 at PageID.1741–1742). According to Plaintiff, his claim instead "falls in the category of complete denial of medical treatment" (*id.* at PageID.1741). Plaintiff's argument lacks merit. The Magistrate Judge properly characterized Plaintiff's claim as a delay-in-treatment claim where Plaintiff's medical records demonstrate that he subsequently received catheters (ECF No. 122-2 at PageID.1515–1516) and an air mattress (*id.* at PageID.1523). Plaintiff's objection is properly denied.

Fourth, Plaintiff argues that the Magistrate Judge "improperly dismissed Plaintiff['s] DPU air mattress claim for lack of verifying evidence that because RN Headley did not provide him a[n] air mattress he developed DPUs" (Pl. Obj., ECF No. 146 at PageID.1742–1743). According to Plaintiff, it "can be infered [sic] easily by a trier of fact the cause of Plaintiff developing DPUs was from the lack of air mattress" (*id.* at PageID.1743). Plaintiff's argument lacks merit. The Magistrate Judge did not overlook the medical evidence that Plaintiff submitted indicating that he developed DPUs after Defendant Headley denied him an air mattress; rather, the Magistrate Judge determined that the evidence was insufficient to demonstrate that the DPUs were "a direct result of the denial" (R&R, ECF No. 140 at PageID.1722). In any event, Defendant's objection, even if meritorious, does not support a result other than the recommendation by the Magistrate Judge because Plaintiff has failed to demonstrate any error in the Magistrate Judge's analysis of the

subjective component of his deliberate-indifference claim.  The Magistrate Judge determined that "*even if the medical records were sufficient*, Freeman has not established a genuine issue of material fact as to whether RN Headley acted with deliberate indifference in denying his request" for an air mattress (*id.*) (emphasis added).  Plaintiff's objection is therefore properly denied.

Fifth, Plaintiff argues that the Magistrate Judge "improperly viewed facts regarding the air mattress in [the] light most favorable to Defendant Headley and completely disregarded other relevant facts" (Pl. Obj., ECF No. 146 at PageID.1744–1747).  Plaintiff's argument fails to demonstrate any error by the Magistrate Judge.  The Magistrate Judge stated the proper standard for reviewing motions for summary judgment and properly applied the standard to Defendant Headley's motion.  Plaintiff's objection is properly denied.

Sixth, Plaintiff argues that the Magistrate Judge "improperly viewed facts regarding the air mattress in [the] light more favorable to RN Headley [and] improperly ruled [that] Plaintiff had no active special accommodate[ion] and completely disregarded other relevant facts" (Pl. Obj., ECF No. 146 at PageID.1747–1749).  According to Plaintiff, he "presented at least a genuine issue of material fact regarding his air mattress being active" (*id.* at PageID.1747).  Plaintiff's objection lacks merit.  This Court's review of the medical records supplied by the MDOC's Bureau of Health Care Services confirms the accuracy of the Magistrate Judge's finding that "[t]he medical records show that Freeman did not have an active special accommodation for an air mattress" (R&R, ECF No. 140 at PageID.1723, citing ECF No. 122-2 at PageID.1501).  Plaintiff's sixth objection is properly denied.

Seventh, Plaintiff argues that the Magistrate Judge "improperly dismissed catheter-UTI-based claim for lack of verifying med[ical] evidence" (Pl. Obj., ECF No. 146 at PageID.1749–1750).  Plaintiff's objection lacks merit.  As with his analysis of Plaintiff's DPU-

4

based claim, the Magistrate Judge did not overlook the medical evidence that Plaintiff submitted in support of his UTI-based claim; rather, the Magistrate Judge determined that the evidence was insufficient to establish either (1) "that Freeman actually had a UTI on September 12, 2017," the day following Defendant Headley's denial of his request for catheters; or (2) "that the UTI was a result of going a day without catheter supplies" (R&R, ECF No. 140 at PageID.1723–1724).  In any event, Defendant's objection, even if meritorious, does not support a result other than the recommendation by the Magistrate Judge because Plaintiff has again failed to identify any error in the Magistrate Judge's thorough analysis of the subjective component of Plaintiff's deliberate-indifference claim against Defendant Headley.  The Magistrate Judge reasoned the following:

> [E]ven had Freeman placed sufficient medical evidence on the record showing that he developed a UTI, and that the UTI was a result of going a day without catheters, he has not shown that RN Headley acted with deliberate indifference.  Freeman's records show that he had not received catheter supplies for nearly a year. (*Id.*, PageID.1500.)  In fact, three months before RN Headley denied Freeman's request for catheters in segregation, another RN had done the same, informing Freeman that he no longer had an accommodation or medical detail for catheter supplies. (*Id.*)  And Freeman's prescription for Surgilube (a surgical lubricant) to assist in his self-catheterization had expired prior to RN Headley's September 6, 2017 health assessment of Freeman. (*Id.*, PageID.1510.)  Nothing in the medical records leading up to Freeman's stay in segregation would have indicated to Headley that he had a serious medical need for catheters such that her decision to deny Freeman's request was reckless.

(*id.* at PageID.1724).  Plaintiff's objection is properly denied.

Eighth, Plaintiff argues that the Magistrate Judge "improperly viewed facts regarding catheter-UTI-based claim more favorable to RN Headley and completely ignored relevant facts" (Pl. Obj., ECF No. 146 at PageID.1750–1751).  In his ninth objection, Plaintiff similarly argues that the Magistrate Judge "improperly viewed facts regarding catheters in light more favorable to RN Headley and disregarded other relevant facts" (*id.* at PageID.1751–1753).  For the reasons previously stated, Plaintiff's arguments fail to demonstrate any factual or legal error in the

5

Magistrate Judge's analysis or ultimate conclusion that the record entitles Defendant Headley to summary judgment. Plaintiff's objections are therefore properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this Opinion and Order resolves the last pending claim, a Judgment will be entered. *See* FED. R. CIV. P. 58. This Court declines to certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 146) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 140) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 122) is GRANTED.

Dated: September 19, 2022                 /s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge